UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LORI ANN VORWALD,

       Plaintiff,

       v.                                       Case No. 08-C-528

3M COMPANY,

       Defendant.

**ORDER**

On June 20, 2008, the plaintiff, Lori Ann Vorwald ("Vorwald"), who is proceeding pro se, filed a complaint naming 3M Company ("3M") as the defendant. Along with her complaint, Vorwald filed a petition and affidavit for leave to proceed in forma pauperis.

In order to authorize a litigant to proceed in forma pauperis, the court must determine first that the litigant is unable to pay the costs of commencing the action; and, second, that the action is not frivolous or malicious, does not fail to state a claim upon which relief may be granted, or does not seek monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(a) and (e)(2)(B). The court is obliged to give the plaintiff's pro se allegations a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In her petition and affidavit for leave to proceed in forma pauperis, Vorwald avers that she has no banks accounts, that she has no valuable tangible property, that she does not own her residence, and that she does not own a car. However, she states that she has $3,000.00 in a 401k. She further states that she is not married and has two dependent children. However, she states that

the amount of support provided to each child per month is $0. Although it is not entirely clear, it appears that she is not currently employed, and that her total monthly income is $1,400.00 from long term disability. Vorwald avers that her monthly expenses are $1,130.00, although it is unclear whether that figure includes an additional $200.00 in doctor's bills and children's medications that she lists as expenses in the "Other Circumstances" section of the petition and affidavit. Given Vorwald's monthly income, monthly expenses, and the fact that she has two dependent children, I am satisfied that she does not have the financial ability to pay the costs of commencing this action.

With respect to the second determination, an action is frivolous, for purposes of § 1915(e)(2)(B)(I), if there is no arguable basis for relief either in law or in fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Casteel v. Pieschek*, 3 F.3d 1050, 1056 (7th Cir. 1993); *Castillo v. Cook County Mail Room Department*, 990 F.2d 304, 306 (7th Cir. 1993). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). And, as stated previously, the court is to dismiss a case if the court determines that the action fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Liberally construed, Vorwald's complaint appears to assert claims for, among other things, gender discrimination, harassment, retaliation, and violations of the Family and Medical Leave Act. And, at least at this early stage of the proceedings, I cannot say that the allegations in Vorwald's complaint are subject to dismissal for being frivolous or malicious, or for failing to state a claim. *See* 28 U.S.C. § 1915(e)(2).[1] Consequently, her petition to proceed in forma pauperis will be granted.

---

[1] However, it is questionable whether the Eastern District of Wisconsin is the proper venue for this action given that the plaintiff resides in Menomonie, Wisconsin, and the facts recited in the complaint all relate to events which occurred in Menomonie. Menomonie is located in the Western

2

**NOW THEREFORE IT IS ORDERED** that the plaintiff's petition to proceed in forma pauperis be and hereby is **GRANTED**;

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint, the summons, and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4.

The plaintiff is hereby reminded that she is required to send a copy of every paper or document she files with the court to the opposing parties or to their attorney(s). The plaintiff should also retain a copy of each document for her own files. If she does not have access to a photocopy machine, she may send out identical handwritten or typed copies of his documents. The court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to each defendant's attorney.

In addition, the parties should notify the Clerk of Court's Office of any change of address. Failure to do so could result in orders or other information not being delivered in a timely manner, thus affecting the legal rights of the parties.

**SO ORDERED** this 23rd day of June 2008, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge

---

District of Wisconsin.